**NOT FOR PUBLICATION**                                                    **CASE CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILA GITTENS, | Civil Action No. 07-4278(SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| HON. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| | July 18, 2008 |
| Defendant. | |

**WIGENTON, District Judge**

Before the Court is Plaintiff Sheila Gittens's ("Claimant" or "Plaintiff") appeal pursuant to 42 U.S.C. § 405(g) from the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final administrative decision denying Plaintiff's claim for Social Security Disability ("SSD") benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383(c). Plaintiff claims that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence, and should, therefore, be reversed or remanded to the Commissioner for further proceedings. In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence and should be upheld. The Court, having considered the parties' submissions and for the reasons set forth below, finds that the record supports the ALJ's findings and that there is no basis to remand for further review. The ALJ's decision will be **AFFIRMED**.

1

## I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to § 205(g), 42 U.S.C. § 405 and § 1631(c)(3), 42 U.S.C. § 1383(c)(3) of the SSA as there has been a final Commissioner decision, and the matter involves SSD and SSI claims. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. FACTUAL BACKGROUND

Plaintiff, fifty-seven years old at the time of filing, worked as a longshoreman from 1979 until allegedly suffering a head injury in 1990. (Pl.'s Br. at 2; ALJ's Decision at 6.) Plaintiff claimed an inability to work from November 9, 1990 to December 31, 1998, when her insurance expired, due to herniated discs, cerebral abnormality, and wrist problems. (ALJ's Dec. at 1.)

After her SSD application was denied initially and on reconsideration, Plaintiff timely filed a hearing request. (Compl. ¶¶ 5-6.) The ALJ rendered an adverse hearing decision on November 4, 1994 which was ultimately upheld by an Appeals Council ("Council") on March 31, 1995. (Compl. ¶¶ 6-7.) Plaintiff subsequently appealed to this Court which resulted in remand of the case. The Council then vacated the ALJ's November 4, 1994 decision and ordered a new hearing. (Tr. at 1.) The ALJ again determined that Plaintiff was not disabled on September 23, 1999, and Plaintiff took another appeal to the Council. (Tr. at 2.) After the Council's second review request denial, Plaintiff appealed to this Court again. (Tr. at 2.) On June 22, 2005, this Court remanded Plaintiff's case for a second time, compelling the Council to vacate the 1999 ALJ decision. (Tr. at 2.) The ALJ was instructed to: (1) give further consideration to treating and examining source opinions pursuant to 20 CFR 404.1527 and Soc. Sec. Rulings 96-2p and 96-5p, (2) re-valuate Plaintiff's mental impairments, and (3) explain the amount and weight given to opinion evidence. (Tr. at 2.)

At a September 17, 2006 hearing, the ALJ concluded that the Claimant was not disabled through December 31, 1998, and therefore, not entitled to receive SSA benefits. (Tr. at 3.) At the hearing, consultative examiners Drs. Schwartz and Ross testified that Plaintiff had no objective evidence of orthopedic disability or cervical radiculopathy. (Tr. 13.) Impartial medical experts Drs. Mylod and Zemel opined that Plaintiff failed to meet any of the Subpart P requirements (Tr. 13.) Further, Drs. Ross, Stein and Makhijam opined that Plaintiff's various conditions did not meet or equal listing 12.03 for organic brain syndrome, or any other listings in Appendix 1, Subpart P, Regulations No. 4. (Tr. 14.) Although Plaintiff alleged depression and adjustment disorder with depressed mood, Dr. Gordon opined that it was merely low-grade depression and did not meet listing 12.0 "C" criteria. (Tr. 14.) Although Plaintiff's treating physician, Dr. Stein, stated that she was completely disabled, his diagnosis was not supported by the requisite electro-diagnostic testing. (Tr. 16.) Although the ALJ found that Plaintiff was unable to continue her work as a longshoreman, he found that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work. (Tr. 16.)

Plaintiff now claims that the ALJ's Decision was not supported by substantial evidence due to the ALJ's failure to: (1) give due weight to Plaintiff's subjective complaints; (2) follow the Treating Physician Rule; and (3) relate recent test results to the original injury. (Pl.'s Br. at 4-8.) Plaintiff filed a Local Rule 9-1(a)(2) brief requesting this Court: (1) reverse this matter and remand it for the calculation and award of benefits, or in the alternative, (2) remand it to the Commissioner for further proceedings. (Pl.'s Br. at 12.) Defendant has opposed Plaintiff's application and requested that this Court affirm the ALJ's Decision as valid and based on substantial evidence. (Def.'s Br. at 10.)

### III. LEGAL STANDARD

#### A. *Standard of Review*

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g) and 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In determining whether substantial evidence exists to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citations omitted). Where evidence is susceptible of more than one rational interpretation,

the Court must uphold the Commissioner's decision. *Mansour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1990-1 (3d Cir. 1986). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.     *Standard For Determining Eligibility of Disability Benefits***

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007). First, if the claimant is currently engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(I). Second, if the claimant does not suffer from a "severe" impairment, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the claimant suffers

from an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically eligible for benefits. 20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d). However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520 (e). In step four, if the Commissioner finds that claimant retains the RFC to perform his past relevant work, he is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant, given his medical impairments, age, education, past work experience, and RFC, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform . . . ." *Kangas*, 823 F.2d at 777 (citation omitted).

## IV. DISCUSSION

### A. Whether the ALJ erred by not addressing Plaintiff's subjective complaints of pain

The ALJ must evaluate the intensity and persistence of any pain which will affect the individual's ability to work in order to assure the validity of such allegations are supported by objective medical evidence. *Hartranft*, 181 F.3d at 362; *See* 20 C.F.R. § 404.1529(a). The ALJ addressed Plaintiff's subjective complaints by examining all of the medical evidence and exhibits. The ALJ concluded that based on the factors and reports presented, Plaintiff remained able to perform sedentary work and did not find Plaintiff's claims of subjective pain credible. (Tr. at 297.)

The ALJ set forth a variety of different reasons why he did not find Plaintiff's pain complaints entirely credible. (Tr. at 298.) First, the ALJ noted that the electrodiagnostic studies showed normal

responses regarding the C4-5, C5-6, and C6-7 paraspinals. (Tr. at 298.) The ALJ further noted that the report contained no objective findings that would correlate to Plaintiff's subjective complaints regarding her neck and radiculopathy. (Tr. at 298.) Second, the ALJ addressed the findings of Plaintiff's treating physician, Dr. Stein. (Tr. at 298.) While the ALJ noted that Plaintiff's treating physician indicated she was unable to engage in any type of gainful employment, his findings were devoid of objective medical evidence to support that conclusion, or specifically how Plaintiff's impairments affected her ability to perform the basic activities associated with sedentary employment. (Tr. at 298.) Dr. Stein indicated that Plaintiff should take over-the-counter pain medication, which reflects that her treating physician was unwilling to prescribe painkillers. (Tr. at 298.) The ALJ noted that some of Plaintiffs other complaints such as dizziness might also be due to the myriad of medications she takes, and that her headache complaints could likely be controlled via medication. (Tr. at 298.) Third, the ALJ referenced Drs. Schwartz and Makhijam's very specific findings that Plaintiff is a malinger and cited to Exhibits 33, 35, and 37. (Tr. at 298.) Dr. Schwartz observed that Plaintiff had full and painless motion of the cervical spine and was able to flex her spine to 90 degrees. (Tr. at 298.) This led Dr. Schwartz to concluded that there was no objective evidence of orthopedic disability. (Tr. at 298.) Another physician, Dr. Ross also did not find definitive objective evidence of cervical or lumbosacral radiculopathy upon examination. (Tr. at 298.)

The ALJ noted at the conclusion of his discussion of Plaintiff's pain complaints that they were not supported by substantial, objective medical evidence in the record. (Tr. at 298.) "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (internal citation omitted). Even if, as Plaintiff alleges, the evidence could

support an alternative conclusion, it is inconsequential, because the record contains substantial evidence that supports the Commissioner's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Whether or not the ALJ could have reached a different conclusion is not for this Court to determine upon appeal. *See Johnson v. Comm'r of Social Security*, 2008 U.S. App. LEXIS 8684, at 5 (3rd Cir. 2008) (quoting *Knepp v. Apfel*, 204 F.3d 78, 83 (3d. Cir. 2000)). Thus, there is substantial evidence to support the ALJ's assessment of Plaintiff's subjective complaints and the ALJ appropriately concluded that Plaintiff's subjective complaints were not supported by objective medical evidence in the record.

## B. Whether the ALJ erred by ignoring evidence from Plaintiff's Treating Physician

Plaintiff alleges that the ALJ erred by ignoring evidence from her treating physician and by not affording her treating physician's findings added weight. (Pl.'s Br. at 9.) However, the ALJ specifically addressed her treating physician, Dr. Stein's, findings and gave specific reasons in support of his decision not to afford Dr. Stein's findings controlling weight. (Tr. at 299.)

The ALJ initially noted that despite the fact that Dr. Stein is a treating source, "his opinion deserves lesser weight under 20 CFR 404.1527, because it is not supported by electrodiagnostic evidence (Exhibit 26)." (Tr. at 299.) The ALJ further noted that Dr. Stein's findings were in direct contrast to Drs. Schwartz and Ross' negative findings, as well as Drs. Schwartz and Makhijam's assertions that Plaintiff was a malingerer who has never been on strong pain medication. (Tr. at 299.) The ALJ also cited to Dr. Zemel's testimony, which indicated that he did not find any "definite objective evidence of lumbosacral or cervical radiculopathy." (Tr. at 299.) The ALJ subsequently addressed Plaintiff's personal vocational expert who testified that she was disabled. (Tr. at 299.) The ALJ concluded that Plaintiff's vocational expert could not be afforded significant weight because he

was not a doctor, and his findings were directly contradicted by the aforementioned physicians' findings. (Tr. at 299.)

### C. Whether the ALJ erred by refusing to properly weigh Plaintiff's June 25, 2001 MRI

Plaintiff finally alleges that the ALJ erred by disregarding her June 25, 2001 MRI that purportedly showed her condition worsening. (Pl.'s Br. at 10.) However, the ALJ appropriately determined that her MRI could not be afforded significant weight because it was performed several years after expiration of her insured status. (Tr. at 298.) Nonetheless, although the 2001 MRI was performed several years after Plaintiff's insured status expired, the ALJ still considered it as part of his overall assessment, but did not afford the findings significant weight. (Tr. at 298.)

### V.     CONCLUSION

As substantial evidence exists in the record to support the ALJ's and Commissioner's findings and determinations, they are conclusive. Therefore, the ALJ's Decision is **AFFIRMED**.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.